# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MORAN, | CV F 06-1395 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| K. MENDOZA-POWERS, WARDEN, | [Doc. 10] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

In the instant petition, Petitioner claims that his due process rights were violated because the Board of Parole Hearings (hereinafter Board) failed to provide him a fair parole consideration hearing.

Petitioner filed a petition for writ of habeas corpus with the Los Angeles County Superior Court on August 24, 2004. (Exh. 2, attached to Answer.) The petition was denied on November 3, 2004. (Id.)

On June 29, 2005, Petitioner filed a petition in the California Supreme Court, which was denied on March 22, 2006. (Exh. 3, attached to Answer.)

Petitioner filed the instant petition for writ of habeas corpus on October 5, 2006.

Respondent filed the instant motion to dismiss on January 29, 2007, and Petitioner filed

1

an opposition on February 20, 2007. (Court Docs. 10, 11.) Pursuant to Court order, Respondent filed a reply to Petitioner's opposition on June 11, 2007. (Court Docs. 14, 15.) Pursuant to Court order, Petitioner filed a sur-reply on July 26, 2007. (Court Doc. 17.)

## DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 5, 2006, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners

seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *quoting* White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions, due process requires that: 1) the inmate must receive advance written notice of a hearing, <u>Pedro v. Oregon Parole Bd.</u>, 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an "opportunity to be heard," <u>Greenholtz v. Inmates of Neb. Penal and Corr. Complex</u>, 442 U.S. 1, 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," <u>Id</u>.; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 455 (1985); <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir.1987).

Here, as Respondent concedes in his reply, the July 1, 2004, decision by the Panel became final on October 29, 2004, since it was just a proposed decision. Respondent argues that Petitioner waived this review period because he filed a state petition in the Superior Court on August 24, 2004, before the decision became final. The Court does not find Respondent's argument to be persuasive because the statute of limitations had not began to run at the time Petitioner filed the state petition in the Superior Court, and Petitioner could not have waived the statute of limitations that had yet to begin. As stated by Respondent, the July 1, 2004, decision was merely a proposed decision, and it did not become final until October 29, 2004. Cal. Code Regs., tit. 15, § 2041(h); Cal. Penal Code § 3041(b). Therefore, the statute of limitations began to run the following day and Petitioner had one-year from October 30, 2004, i.e. October 30, 2005, to file his petition.

C.      <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a

habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

Here, Petitioner filed his first state habeas corpus petition in the Los Angeles County Superior Court on August 24, 2004, which was denied on November 3, 2004. Applying the mailbox rule, Petitioner filed a petition in the California Supreme Court on June 26, 2005, 235 days after the superior court denial. (Exhibit 3, attached to Motion.) The petition was denied on March 22, 2006. (Id.) Thereafter, on August 27, 2006,[1] 158 days after the California Supreme Court denied the petition, Petitioner filed the instant petition. (Court Doc. 1.) Here, the statute was tolled from October 30, 2004 to November 3, 2004, and June 29, 2005 to March 22, 2006, the time during which the state habeas petitions were pending.

In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 546 U.S. 189; 126 S.Ct. 846, 852 (2006). However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination. Id. In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., *quoting* Saffold, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, *citing* Saffold, 536 U.S. at 222-223.

In light of the Supreme Court's reasoning in Evans v. Chavis, this Court must find that Petitioner is not entitled to 28 U.S.C. § 2244(d)(2) tolling for unexplained and/or unjustified 235

---

[1] The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

5

day delay between the time the Superior Court denied Petitioner's state habeas petition and Petitioner filed the petition in the California Supreme Court.  See Evans, 126 S.Ct. at 854 (finding no bright line rule, but determining six month delay not reasonable); Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) (holding that unexplained delays of 18, 15, and 10 months between filings were unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007) (88 day delay unreasonable); Jackson v. Ollison, 2007 WL 433188, *5 (S.D. Cal. 2007) (8 month delay unreasonable and tolling inappropriate); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable).  Therefore, because 235 days of the limitations had run, Petitioner had 130 days to file the instant petition.  Under the mailbox rule, Petitioner filed the instant petition 158 days later on August 27, 2006, which is 28 days beyond the limitations period (158-130 = 28.)  Absent equitable tolling, the instant petition is untimely.

Petitioner initially claimed that he was entitled to tolling based on the fact that there was a lengthy delay in receipt of the transcripts.  Respondent submits that California Penal Code section 3042(b) mandates that the Board make available a verbatim transcript within thirty-days of the life parole considering hearing.  This thirty day time frame is consumed in the 120-day review period before which the Panel's decision became final, and Petitioner is therefore not entitled to an extra thirty days of tolling.

D.      Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Although Petitioner initially claimed that his retained attorney did not return his legal

documents in the period between mid-November 2004 and mid-February 2005, and he should be entitled to ninety-seven days of equitable tolling, in his sur-reply, Petitioner concedes that he received a copy of his denied petition from counsel before February 2005.  (Court Doc. 17, at 2.) Therefore, Petitioner states that he "abandons his claims raised in his Habeas Petition."  (Id.) Because Petitioner has conceded that he received a copy of his petition and he is not entitled to equitable tolling, the Court need not and does not address Petitioner's claims further.  As demonstrated above, the instant petition is untimely.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss is GRANTED, and the instant petition for writ of habeas corpus is DISMISSED, with prejudice; and

2. The Clerk of Court shall terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fifteen (15)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 16, 2007**            /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE